Jerry R. DeSiderato
Taylor P. Festa
**DILWORTH PAXSON LLP**
Attorney I.D. No. 013102005
Attorney I.D. No. 292092019
1500 Market Street, Suite 3500E
Philadelphia, PA  19102
(215) 575-7000

Edward F. Behm
Attorney I.D. No. 017972002
**ARMSTRONG TEASDALE LLP**
2005 Market Street, 29th Floor
One Commerce Square
Philadelphia, PA 19103
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| LYNCH SINCE 1940, LLC, <br><br>                    Plaintiff, <br>    v. <br><br> JEST TEXTILES, INC., <br><br>                    Defendant. | Civil Action No._____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Lynch Since 1940, LLC (**"Plaintiff"** or "**Lynch**"), by and through their undersigned counsel, for its Complaint against the Defendant Jest Textiles, Inc. ("**Defendant**" or "**Jest**"), hereby alleges as follows:

1. Defendant, in violation of a licensing agreement between the parties and the federal Copyright Act of 1976, has unlawfully used and distributed in commerce copyrighted patterns without the permission of their lawful owner, Plaintiff Lynch.  Lynch has attempted to

recover the royalties owed by the Defendant resulting from the use and distribution of the patterns pursuant to the terms of the agreement between the parties. Despite its attempts, Defendant has continued to unlawfully use and distribute Lynch's copyrighted patterns and has profited from such unauthorized use. As set forth below, Defendant has intentionally and willfully violated Lynch's rights and, as a direct and proximate result, Lynch has suffered considerable damages in an amount to be determined at trial.

## THE PARTIES

2. Plaintiff Lynch is a limited liability company organized under the laws of Georgia, having its principal place of business at 329 N. Broad Street, Thomasville, Georgia 31792.

3. Upon information and belief, Defendant Jest is incorporated under the laws of New Jersey, having its principal place of business at 13 Mountainside Avenue, Mahwah, New Jersey 07430.

## JURISDICTION AND VENUE

4. This action arises under Title 17 of the United States Code, more specifically, the federal Copyright Act of 1976. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b).

5. This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the benefits and protections of the laws of New Jersey, Defendant is incorporated in the state of New Jersey, and Defendant has persistent and continuous contacts with this judicial district, including operating its business and corporate headquarters within this judicial district.

## **FACTUAL BACKGROUND**

6. Lynch is a manufacturer and retailer of turkey-hunting products, including, but not limited to, a variety of turkey calls, hunting gear and other hunting accessories.

7. In addition, Lynch also manufactures and sells hand-painted, digitally enhanced, camouflage patterns for hunters to use for concealment. Two of the Lynch Patterns currently at issue are the Migration© (VAu 431-117) and Superflauge© patterns (VA-1-129-074) (the **"Lynch Patterns"**).

8. The Lynch Patterns are original works created independently by a former limited partner with Lynch, and possess more than a minimal degree of creativity. Lynch is the sole owner of the registered copyrights for the Lynch Patterns via an assignment agreement.

9. Defendant is a custom fabric and clothing manufacturer that provides concept design services, manufacturing and engineering of fabrics as well as sales and marketing services.

10. Defendant also claims that it is "considered one of the top camouflage fabric manufacturers" and produces "custom camo fabric and custom hunting and outdoor apparel and products."

11. On or about August or September of 2004, Lynch and Defendant negotiated an oral agreement (the **"Agreement"**). Pursuant to the Agreement, Defendant obtained a license to copy and use the Lynch Patterns for its fabrics (the "**Jest Fabrics**") in exchange for a royalty fee**,** ranging from a $1.00 per linear yard for twills to 35 cents for mesh or print cloth fabrics.

12. The Jest Fabrics include patterns that have copied the Lynch Patterns verbatim or at the very least are substantially similar.

13. Defendant paid Lynch the agreed upon royalties up until about June of 2016, at which point it ceased making payments.

14. On August 3, 2017, Defendant agreed to a self-declared "payment plan" in which Defendant was to pay Lynch a minimum amount of the past-due royalty payments currently owed to Lynch. This payment plan was to continue until the balance of the past-due royalties had been paid in full.

15. By September of 2017, Defendant was in default of the payment plan yet continued to produce, sell and receive payment for fabrics bearing the Lynch Patterns on an ongoing basis.

16. By September of 2018, Defendant was overdue in its royalty obligations per the payment plan in a principal amount of at least $46,000.00. This amount does not include the royalties due from the Defendant's unauthorized and unaccounted use of the Lynch Patterns.

17. Upon information and belief, Defendant has continued to use the Lynch Patterns without accounting for the use so as to skew the amount of royalties owed to Lynch.

18. Upon information and belief, Defendant has falsely told vendors and Lynch's customers that the Lynch Patterns are no longer available and to use other camouflage patterns.

19. On September 24, 2018, after numerous attempts by Lynch to resolve the dispute between the parties, Lynch's counsel contacted Defendant in an attempt to resolve the default payments without litigation.

20. Defendant's counsel responded to the September 24, 2018 letter, assuring that an arrangement would be made for the pay-due royalty payments.

21. On December 28, 2018, Lynch's counsel again wrote to Defendant in attempt to resolve the default payments.

22. Defendant did not respond to the December 28, 2018 letter.

23. On March 7, 2019, Lynch's counsel reached out to Defendant again.

24. Defendant did not respond to the March 7, 2019 letter.

25. On May 28, 2019, Lynch's counsel sent Defendant a letter demanding the past-due payments on the accounts and threatening to file a lawsuit if the letter went unanswered by a certain date.

26. Defendant did not respond to the May 28, 2019 letter.

## CLAIMS FOR RELIEF

## COUNT I: BREACH OF CONTRACT

27. Lynch incorporates by reference all of the allegations set forth in the preceding paragraphs as if set forth here in full.

28. The Agreement is a clear, valid and enforceable oral contract.

29. On or about August or September of 2004, Lynch offered Jest a license to use and distribute the Lynch Patterns on Jest Fabrics and in consideration Jest agreed to pay royalties to Lynch for each such use and/or distribution.  Around this same time, Jest accepted Lynch's offer to license the Lynch Patterns, agreeing to a royalty fee ranging from a $1.00 per linear yard for twills to 35 cents for mesh or print cloth fabrics.

30. Defendant breached the Agreement by failing to make the required royalty payments, refusing to provide an accounting of Defendant's use of the Lynch Patterns, and continuing to use the Lynch Patterns despite its failure to pay past-due and currently owed royalties to Lynch.

31. Lynch did not breach any of its duties owed to Defendant under the Agreement.

32. As an actual and proximate result of Defendant's breach of the Agreement, Lynch has suffered monetary damages in an amount to be proven at trial, including the amount of the past-due royalties owed and any other royalties resulting from the continuing distribution of the Lynch Patterns.

33. The actions of Defendant were and continue to be intentional, willful and in bad faith, justifying the imposition of punitive damages, including but not limited to attorney's fees.

## COUNT II: COPYRIGHT INFRINGEMENT
## IN VIOLATION OF 17 U.S.C. § 501

34. Lynch incorporates by reference all of the allegations set forth in the preceding paragraphs as if set forth here in full.

35. Lynch is the sole owner and assignee of valid, registered copyrights for the Lynch Patterns.

36. The Lynch Patterns are original works of authorship that have been fixed in tangible mediums of expression that can be perceived, reproduced or otherwise communicated.

37. Defendant has infringed Lynch's copyrights by copying the Lynch Patterns for use and distribution in interstate commerce in connection with its sale of the Jest Fabrics without Lynch's permission and without paying the royalties previously agreed upon by the parties.

38. The Jest Fabrics include patterns that are verbatim copies of the Lynch Patterns or at the very least are substantially similar.

39. Jest had access to the Lynch Patterns and the opportunity to copy the Lynch Patterns through its licensing discussions with Lynch.

40. Defendant's unauthorized copying and reproduction of the Lynch Patterns constitutes copyright infringement by reproducing copyrighted work, preparing derivative works

based upon the copyrighted work, and/or distributing unauthorized copies of the copyrighted work.

41. Defendant continues to copy the Lynch Patterns without permission in violation of the Copyright Act.

42. Lynch has been and continues to be harmed by Defendant's unauthorized use of the copyrighted Lynch Patterns and is entitled to damages pursuant to 17 U.S.C. § 504, including actual and/or statutory damages.

43. The actions of Defendant were and continue to be intentional, willful and in bad faith, justifying the imposition of punitive damages, including but not limited to statutory damages pursuant to 7 U.S.C. § 504(c)(2) and attorney's fees.

## COUNT III: UNJUST ENRICHMENT

44. Lynch incorporates by reference all of the allegations set forth in the preceding paragraphs as if set forth here in full.

45. To the extent that the Agreement is determined to cover only part of the relationship between the parties, or to the extent that the validity of the Agreement is found to be uncertain or disputed, Lynch asserts this claim for unjust enrichment in the alternative.

46. Lynch conferred a benefit on Defendant when Defendant received the Lynch Pattern.

47. Lynch reasonably expected to be compensated for the benefit it conferred on Defendant.

48. Defendant knew, or should have known, that the Lynch Patterns belonged to Lynch and that Defendant only had the authority to use and distribute the Lynch Patterns if it paid royalty fees. Accordingly, Defendant appropriated the benefit of the Lynch Patterns.

49. Defendant accepted and improperly retained the benefit when it, without Lynch's permission or authority, used and distributed the Lynch Patterns in connection with the Jest Fabrics.

50. Defendant has been unjustly enriched through its sale and distribution of the Jest Fabrics that include the Lynch Patterns.

51. It would be unjust for Defendant to retain the benefit of the use and distribution of the Lynch Patterns in connection with the Jest Fabrics without properly compensating Lynch for the use and distribution of the Lynch Patterns.

52. Accordingly, Lynch is entitled to be compensated in an amount equal to the amount of Defendant's unjust enrichment to be proven at the time of trial, including attorneys' fees and costs to the extent allowed by law.

## COUNT IV: QUANTUM MERUIT

53. Lynch incorporates by reference all of the allegations set forth in the preceding paragraphs as if set forth here in full

54. For years, Lynch and Jest had a close relationship whereby Jest would pay Lynch royalties for the use of the Lynch Patterns.

55. Lynch, in good faith, permitted Jest to use and distribute the Lynch Patterns on the Jest Fabrics in exchange for the royalty rates described herein.

56. Jest voluntarily accepted the use of the Lynch Patterns and incorporated them on the Jest Fabrics.

57. Lynch reasonably expected royalty payments for the use and distribution of the Lynch Patterns. The royalty payments were reasonable as evidenced by the payments received from Jest up until about June of 2016.

58. It would be unjust for Defendant to retain the benefit of the use and distribution of the Lynch Patterns in connection with the Jest Fabrics without properly compensating Lynch for the use and distribution of the Lynch Patterns.

59. As an actual and proximate result of Defendant's unlawful conduct, Lynch has suffered monetary damages in an amount to be proven at trial, including the amount of the past-due royalties owed and any other royalties resulting from the continuing distribution of the Lynch Patterns.

60. The actions of Defendant were and continue to be intentional, willful and in bad faith, justifying the imposition of punitive damages, including but not limited to attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in its favor against Defendant and grant the following relief:

a) An Order enjoining Defendant from using the Lynch Patterns;

b) An Order requiring the Defendant to account for any and all revenues and profits received as a result of its use, both authorized and unauthorized, of the Superflauge© and Migration© patterns;

c) As to Count I and IV, a judgment against the Defendant awarding Plaintiff an amount to be determined at trial for all royalties owed to the Plaintiff pursuant to the Agreement for its use and/or distribution of the Superflauge© and Migration© patterns;

d) As to Count II, a judgment against Defendant awarding Plaintiff an amount to be determined at trial for actual damages and profits and/or statutory damages pursuant to 17 U.S.C. § 504(c)(1) in connection with Defendant's infringement of the copyrighted Lynch Patterns;

e) As to Count II, a judgment against Defendant awarding Plaintiff statutory damages for Defendant's willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2) in an amount equal to $150,000 per violation in connection with Defendant's infringement of the copyrighted Lynch Patterns;

f) As to Count III, a judgment against Defendant awarding Plaintiff restitution and/or disgorgement in an amount to be determined at trial equal to the amount that Defendant was unjustly enriched through its use and/or distribution of the Lynch Patterns;

g) Punitive damages, including but not limited to reasonable attorneys' fees and costs;

h) Pre and post-judgment interest; and

i) Such other relief as the Court deems equitable and just.

Respectfully submitted,

  /s/ Jerry R. DeSiderato
Jerry R. DeSiderato
Attorney I.D. No. 013102005
Edward F. Behm
Attorney I.D. No. 017972002
Taylor P. Festa
Attorney I.D. No. 292092019
**ARMSTRONG TEASDALE LLP**
2005 Market Street, 29th Floor
One Commerce Square
**DILWORTH PAXSON LLP**
1500 Market Street, Suite 3500E
Philadelphia, PA  19102
(215) 575-7000
Philadelphia, PA 19103
*Attorneys for Plaintiff*

Dated: June 17, 2019

Jerry R. DeSiderato
Taylor P. Festa
**DILWORTH PAXSON LLP**
Attorney I.D. No. 013102005
Attorney I.D. No. 292092019
1500 Market Street, Suite 3500E
Philadelphia, PA  19102
(215) 575-7000

Edward F. Behm
Attorney I.D. No. 017972002
**ARMSTRONG TEASDALE LLP**
2005 Market Street, 29th Floor
One Commerce Square
Philadelphia, PA 19103
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| LYNCH SINCE 1940, LLC,<br><br>     Plaintiff,<br> v.<br><br>JEST TEXTILES, INC.,<br><br>     Defendant. | Civil Action No._____ |

**CERTIFICATE OF SERVICE**

  Lynch Since 1940, by and through its undersigned counsel, Dilworth Paxson LLP, hereby certifies that a copy of Plaintiff's Complaint filed on June 17, 2019 has been served, electronically via the Electronic Case Files (ECF) system as well as via Certified Mail, Return Receipt Requested, to the following:

       Robert W. Mayer
      620 Newark Pompton Turnpike
     Pompton Plains, New Jersey 07444

Dated: June 17, 2019            *__/s/ Jerry R. DeSiderato__*
                  Jerry R. DeSiderato
                  1500 Market Street, Suite 3500E
                  Philadelphia, PA 19102